UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x

TOMMY ADAMS, a.k.a The King of Salem,
a.k.a. The Ancient of Days,

                Plaintiff,

         - against -

THE NEW YORK CITY POLICE
DEPARTMENT,

                Defendant.
------------------------------------------------------------x

MEMORANDUM
AND ORDER
15-CV-5319 (JG)

JOHN GLEESON, United States District Judge:

        On September 11, 2015, plaintiff filed this *in forma pauperis* action *pro se* seeking damages and injunctive relief.  The Court grants plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 solely for the purpose of this Order.  I dismiss the complaint for the reasons set forth below.

DISCUSSION

A.    *Standard of Review*

        A civil action complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed.R.Civ.P. 8(a)(2).  This rule does not require a plaintiff to provide "detailed factual allegations" in support of his claims to survive a motion to dismiss, *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007), but it does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 667 (2009).  Indeed, mere conclusory allegations or "naked assertions" will not survive dismissal without at least some "further factual enhancement" providing substance to the claims alleged. *Twombly*, 550 U.S. at 557.  Additionally, a complaint that is "so confused, ambiguous, vague or

otherwise unintelligible that its true substance, if any, is well disguised," fails to comply with Rule 8. *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988); *see Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995).

When a plaintiff proceeds without legal representation, the Court must regard that plaintiff's complaint in a more liberal light, affording his pleadings the strongest interpretation possible. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Triestman v. Federal Bureau of Prisons*, 470 F.3d 471, 471 (2d Cir. 2006) (per curiam). Even so, the Court must dismiss an *in forma pauperis* complaint if it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Nevertheless, "a *pro se* plaintiff must still comply with the relevant rules of procedural and substantive law, including establishing that the court has subject matter jurisdiction over the action." *Wilber v. U.S. Postal Serv.*, 2010 WL 3036754, at *1 (E.D.N.Y. Aug. 2, 2010) (internal quotation marks and citations omitted).

B.      *Plaintiff's Complaint*

The instant action, like plaintiff's prior three actions recently dismissed by the Court, is frivolous and delusional. A court may dismiss a claim as "factually frivolous" if the pleaded facts are "clearly baseless"—that is, if they are "fanciful," "fantastic," or "delusional." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 325, 327, 328 (1989)) (internal quotation marks omitted). An action is deemed frivolous as a matter of law when, *inter alia*, it "lacks an arguable basis in law, or a dispositive defense clearly exists on the face of the complaint." *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (citations omitted).

In *Denton v. Hernandez*, the Supreme Court noted that the *in forma pauperis* statute, unlike Rule 12(b)(6) of the Federal Rules of Civil Procedure, "accords judges not only

2

the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." 504 U.S. 25, 32-33 (internal quotations omitted). "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible whether or not there are judicially noticeable facts available to contradict them." *Denton*, 504 U.S. at 34.

Adams's allegations rise to the level of the irrational. He brings this claim against the New York City Police Department alleging that his seven arrests between 2005 and 2013 exacerbated his already significant challenge in finding a wife. He states: "One of the absolutely loveliest and mu[l]ti-talented, black, males that will ever walk planet earth, I, God, allege that between August 4, 2005 and May 14, 2013, the New York City police department engaged in a racist smear campaign against me knowing full well I was going to go down in history as the greatest saint any Church . . . will ever see . . . by arresting me seven times for mere violations of the health code in as many years." ECF Dkt. No. 1.

Like his previous action against the government and leaders of the Catholic Church, *Adams v. Rubinstein*, 2015 WL 5021740, at *1 (E.D.N.Y. Aug. 24, 2015), Adams maintains in this complaint that he is a divine power of significant beauty and attributes who should have no difficulty finding a bride, but whose ability to find someone to marry has been thwarted by others, in this instance, the New York City Police Department. For example, as a remedy for this alleged harm, "if even one lovely, black virgin left a black man as fine looking and super talented as me for another," he seeks damages against each employee of the New York City Police Department. In short, Adams's allegations are fantastic and "wholly incredible." *Denton*, 504 U.S. at 33. The claim he has presented to this Court is factually frivolous and without any legal basis. *Id.*; *Mecca v. U.S. Government*, 232 F. App'x 66, 66–67 (2d Cir. 2007)

3

(affirming dismissal of complaint that was "replete with fantastic and delusional scenarios"). As the complaint is frivolous, this action is dismissed. 28 U.S.C. § 1915(e)(2)(B)(i).

Because the complaint is based on a fanciful factual scenario that could not be cured by amendment, I conclude that it would be futile to grant leave to amend. *See O'Hara v. Weeks Marine, Inc.,* 294 F.3d 55, 69 (2d Cir. 2002) ("[A] district court may deny leave to amend the complaint if the amendment would be futile.").

## CONCLUSION

Accordingly, the Court dismisses the instant *pro se* complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). Furthermore, plaintiff is warned against the filing of future frivolous actions. The ability to litigate *in forma pauperis* is regarded as a privilege and may be denied if abused. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

So ordered.

John Gleeson, U.S.D.J.

Dated: Brooklyn, New York
      November 13, 2015